IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH E. NAGY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1155-K-BN |
| | § | |
| KEVIN MCGRATH, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Joseph E. Nagy brings this *pro se* action against two individuals, the State of Texas, its Attorney General (the AG), and the 439th District Court of Rockwall County, alleging violations of multiple criminal statutes, of his right to due process, of 42 U.S.C. § 1981, and of state tort law. *See* Dkt. No. 3. Because Nagy also moves for leave to proceed *in forma pauperis* (IFP), *see* Dkt. No. 4, United States District Judge Ed Kinkeade referred Nagy's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The Court will grant Nagy leave to proceed IFP through a separate order. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit for the reasons and to the extent set out below without allowing leave to amend.

**Legal Standards**

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of it, if the plaintiff, for example, fails to state a

claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Even outside the IFP context, "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). And the United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177)); *accord Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires

both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

Notice is provided through these findings, conclusions, and recommendations (the FCR), and the period to file objections to the FCR (further explained below) affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted).

Dismissal for failure to state a claim under either Rule 12(b)(6) or Section 1915(e)(2)(B)(ii) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is

implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not

require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## Analysis

Nagy, who alleges residence in New Jersey, sues his ex-wife (Eliana McGrath) and her current husband (Kevin McGrath), both alleged to reside in Heath, Texas, in addition to the State of Texas, the AG, and a state court in Rockwall County, the court in which Nagy was most recently involved in litigation concerning at least his child support obligations.

He brings claims under multiple federal criminal statutes – 18 U.S.C. §§ 1623, 1956, 241, 242, and 249 – against the McGraths, the AG, and the state court. *See* Dkt. No. 3, Counts 1, 2, 7, 8, 9. And he similarly alleges that the McGraths violated Texas Penal Code § 25.03. *See id.*, Count 3.

First, to the extent that Nagy intends to bring criminal charges through these counts, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [Nagy] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute."

*Gill v. State of Tex.*, 153 F. App'x 261, 262-63 (5th Cir. 2005) (per curaim) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) (In *Linda R.S.*, "the Court repeatedly emphasized 'the special status of criminal prosecutions in our system.' It is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch. And so it is not the province of the judiciary to dictate to executive branch officials who shall be subject to investigation or prosecution…. As a result, courts across the country have dutifully enforced this rule in case after case – refusing to hear claims challenging the decision not to investigate or prosecute another person." (collecting cases; citations omitted)); *Council v. Battle*, No. 3:21-cv-613-L-BT, 2021 WL 3276873, at *3 (N.D. Tex. July 8, 2021) ("[T]o the extent Council's claims against Defendant Paxton are premised upon Paxton's alleged failure to enforce section 25.03, Council lacks the standing to pursue them." (citing *Linda R.S.*, 410 U.S. at 619)), *rec. accepted*, 2021 WL 3269750 (N.D. Tex. July 30, 2021).

These counts should therefore be "dismissed … as legally frivolous." *Gill*, 153 F. App'x at 263 (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)); *see also Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies.").

Relatedly, insofar as Nagy intends to bring civil claims under these criminal statutes, he fails to include allegations showing that he has a private right of action

under these statutes. *See Ennis Transp. Co. Inc. v. Richter*, No. 3:08-cv-2206-B, 2009 WL 464979, at *1 (N.D. Tex. Feb. 24, 2009) ("It is well established that generally there is no private cause of action for the violation of a federal criminal statute, and thus no jurisdiction for federal courts to preside over a suit between private parties when the only federal law allegedly violated is criminal. In rare circumstances, however, where a criminal statute has 'a statutory basis for inferring' the existence of a civil action, violation of a criminal statute may give rise to a private cause of action." (citations omitted)); *see, e.g., Tucker v. U.S. Court of Appeals for Tenth Circuit*, 815 F. App'x 292, 294 (10th Cir. 2020) ("Sections 241 and 242 are criminal statutes that do not provide for private civil causes of action." (citations omitted)).

Turning to all claims that Nagy alleges against the state court in Rockwall County, judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009).

"Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by

allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity." *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

Nagy fails to allege that any act taken by the judge presiding over the state court named as a defendant was not a normal judicial function nor undertaken without jurisdiction. His claims against this defendant are therefore barred by judicial immunity.

As to the AG, "'[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it.' Texas has not consented by statute, and [42 U.S.C.] § 1983," for example, "does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014), then citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)); *see also Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. Unit A June 1981) ("[42 U.S.C.] § 1981 contains no congressional waiver of the state's eleventh amendment immunity.").

Similarly, "[u]nder Texas law, the common law doctrine of governmental immunity shields governmental units and state officials sued in their official

capacities from liability, except to the extent the immunity was waived by the Texas Tort Claims Act" (the TTCA). *Bailey v. Willis*, No. 4:17-CV-00276-ALM-CAN, 2018 WL 3321461, at *14 (E.D. Tex. Jan. 11, 2018) (citations omitted), *rec. adopted*, 2018 WL 2126476 (E.D. Tex. May 8, 2018).

Citing the TTCA, Nagy sues the AG for "misuse of personal property." Dkt. No. 3 at 12. And the Court should infer that this claim is alleged against the AG in his official capacity – and thus his office. *See Robinson v. Hunt Cnty., Tex.*, 921 F.3d 440, 446 (5th Cir. 2019) ("To determine whether a defendant is being sued in his or her official or individual capacity, [a court should] examine '[t]he allegations in the complaint'" "and '[t]he course of proceedings.'" (quoting *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (per curiam), then *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985))).

Even so, the TTCA "creates a limited waiver of sovereign immunity," *Bailey*, 2018 WL 3321461, at *14 (quoting *Goodman v. Harris Cnty.*, 571 F.3d 388, 394 (5th Cir. 2009)), restricted to "property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if … the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment" and "the employee would be personally liable to the claimant according to Texas law" or to "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.201.

And, even if a plaintiff's claim arises "under one of the three specific areas of liability outlined in § 101.021," "the claim must not fall within an exception to the waiver of sovereign immunity." *Bailey*, 2018 WL 3321461, at *14 (quoting *Holland v. City of Hous.*, 41 F. Supp. 2d 678, 710 (S.D. Tex. 1999)).

Nagy's claim does not fall within the limited waiver set out above. But, if it could be liberally construed as brought under one of these three specific areas of liability, an exception applies. *See* TEX. CIV. PRAC. & REM. CODE § 101.053(a) ("This chapter does not apply to a claim based on an act or omission of a court of this state or any member of a court of this state acting in his official capacity or to a judicial function of a governmental unit. 'Official capacity' means all duties of office and includes administrative decisions or actions."); *see, e.g.*, *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 674 (5th Cir. 2015) (per curiam); *Kastner v. Lawrence*, 390 F. App'x 311, 315 (5th Cir. 2010) (per curiam).

Next, as to Nagy's Section 1981(a) claim based on the divorce decree [Count 6], while the state court and the AG are immune for the reasons set out above, Nagy's assertion of this claim against Ms. McGrath, which includes no allegations as to race, is not plausible, as

> § 1981(a) forbids racial discrimination in the making and enforcement of private contracts, regardless of the race of aggrieved party. To succeed with a § 1981 discrimination claim, a plaintiff must establish that (1) he or she is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned at least one of the activities enumerated in the statute, such as the making of a contract.

*Sheffield v. Lee*, No. 3:08-cv-1102-L, 2008 WL 4966624, at *5 (N.D. Tex. Nov. 18, 2008) (citations omitted).

Nagy's claim for negligent infliction of emotional distress is also not plausible because "[t]his tort does not exist in Texas. In Texas, 'there is no general duty not to negligently inflict emotional distress.'" *Martin v. Grehn*, 546 F. App'x 415, 421 (5th Cir. 2013) (per curiam) (quoting *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993)).

For all these reasons, the undersigned cannot recommend that the Court allow Nagy leave to amend his complaint. But the time to file objections to the FCR (further explained below) allows Nagy an opportunity to explain how he would cure the deficiencies identified above and therefore show that the Court should not enter judgment dismissing this case but should instead grant him leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

If Nagy fails to show that leave to amend should be granted, the Court should dismiss this case, with prejudice as appropriate.

## Recommendation

The Court should dismiss this action unless, within the time to file objections, Nagy satisfactorily shows that he can amend his complaint to allege a plausible claim over which the Court has jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 1, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE